IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERRY LAMAR BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-034 |
| ) | |
| MARY ALSTON, Doctor at Johnson State ) | |
| Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. The matter is now before the Court on Plaintiff's "Motion for a TRO" (doc. no. 21), and Plaintiff's "Motion for Prayer for Relief" (doc. no. 27). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motions be **DENIED**.

### I. BACKGROUND

On September 10, 2008, the Court directed the U.S. Marshal to effect service on Defendants Alston and Fossier, finding that Plaintiff had *arguably* stated a viable claim against them for deliberate indifference to a serious medical need concerning Plaintiff's

shoulder. (Doc. no. 13, p. 7). In a simultaneously filed Report and Recommendation, the Court recommended dismissal of Plaintiff's medical deliberate indifference claims concerning his testicle and infantigo, as well as dismissal of Defendants Powell, Sittnick, Lewis, and Ayers. (Doc. no. 14). Thereafter, this recommendation was adopted by the presiding District Judge. (Doc. no. 26). Defendants Alston and Fossier have been served and have filed a pre-answer motion to dismiss that is not yet ripe for disposition. (Doc. no. 31).

## II. DISCUSSION

### A. Temporary Restraining Order

In the "Motion for a TRO," Plaintiff requests that the Court prevent his transfer to another correctional facility. (Doc. no. 21, p. 1). According to Plaintiff, a transfer would create hardships and hinder the prosecution of this case. (Id.). In addition, Plaintiff states, "If I were transferred, I would have to start from scratch with another medical facility, and this would slow the process down considerably." (Id.). Although Plaintiff's complaint concerns the medical treatment he received while at JSP, Plaintiff submits that a transfer would not be in his best interest, as the medical staff at JSP are familiar with his medical conditions and needs. (Id.).

Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306

(11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim. In particular, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular state institution.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain

injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

According to Plaintiff, a transfer would jeopardize his ability to proceed with his case as well as somehow slow down the process for receiving needed medical attention. However, Plaintiff has not alleged that he is scheduled to be transferred. Furthermore, he does not provide any reason whatsoever to support his claim that, if transferred, he would be unable to proceed with his case or that there would be a "slow down" of his medical attention.

Therefore, Plaintiff's "motion for TRO" should be **DENIED** because Plaintiff has failed to demonstrate that there is a substantial likelihood that he will prevail on the merits, or that he will suffer irreparable injury, and thus, he cannot meet his burden of persuasion on all four requisites for a temporary restraining order.

B.  **Prayer for Relief**

In Plaintiff's "Motion for Prayer of Relief," Plaintiff "respectfully prays that this Court enter judgment" for Plaintiff against Defendants. (Doc. no. 27, p. 1). Plaintiff asks the Court to find, *inter alia,* that Plaintiff is entitled to relief on claims that the presiding District Judge has already dismissed based on Plaintiff's failure to exhaust administrative remedies; he also wants the Court to hold liable Defendants who have already been

4

dismissed from the case. (Id.). Additionally, Plaintiff asks the Court to find that he is entitled to punitive damages that exceed two million dollars. (Id.).

Fed. R. Civ. P. 12(c) provides, "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." A review of the record establishes that the pleadings are not yet closed. Defendants recently filed a pre-answer motion to dismiss to which Plaintiff has not yet responded.

The Court finds that Plaintiff is improperly asking for relief on claims and against Defendants that have already been dismissed. At best, Plaintiff's "Motion for Prayer for Relief" is premature. Therefore Plaintiff is not entitled to judgment on the pleadings, and his "Motion for Prayer for Relief" should be **DENIED**.[1]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for a TRO" (doc. no. 21) and Plaintiff's "Motion for Prayer for Relief" (doc. no. 27) be **DENIED.**

SO REPORTED and RECOMMENDED this 26th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is aware that Plaintiff attached a "Personal Note" to his "Motion for Prayer for Relief." The Court will address the "Personal Note" in a simultaneously filed Order.